IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENAE VANDERSLICE,<br><br>      Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Lowe's Home Centers, LLC, ("Lowe's" or "Defendant"), by and through its attorneys, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Lancaster County District Court, Nebraska to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.      INTRODUCTION

1.      Plaintiff Renae Vanderslice ("Plaintiff") initiated this lawsuit on June 16, 2021 against Lowe's Home Centers, LLC. *See* **Exhibit A**, Complaint, Request for Jury Trial and Praecipe. Plaintiff filed her Complaint on June 16, 2021, in the District Court for the County of Lancaster, State of Nebraska, captioned *Renae Vanderslice v. Lowe's Home Centers, LLC*, Case Number CI 21-2704 and is now pending in that court (the "State Action"). *See* **Exhibit A.**

2.      Plaintiff alleges that on August 29, 2017, while walking in the parking lot of the Lowe's store located at 6101 Apples Way in Lincoln, Lancaster County, Nebraska, she "fell due to an unsafe condition including, but not limited to, a depression in [the] parking lot… [which made] it uneven and caused [her] to trip and fall." at the store located at 6101 Apples Way in Lincoln, Lancaster County, Nebraska. **Exhibit A**, ¶¶ 2-4.

3.  Plaintiff alleges that she sustained permanent injuries to her "right ankle and right shoulder," and has "suffered past, present and future disability, inconvenience, loss of earnings and a permanent diminished earning capacity, pain, suffering and has been caused to incur healthcare expenses" as a result of the fall which occurred at the Lowe's store located at 6101 Apples Way in Lincoln, Lancaster County, Nebraska. **Exhibit A**, ¶¶ 5, 12.

## II.   COMPLIANCE WITH THE RULES

4.  All procedural requirements related to the removal of this action have been satisfied.

5.  Defendant Lowe's Home Centers, LLC was served with the Complaint on June 28, 2021. The Return of Service is attached hereto as **Exhibit B.**

6.  The Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the State of Nebraska. *See* **Exhibit A** at ¶ 2. Defendant is a North Carolina limited liability company, with its principal place of business in Mooresville, North Carolina. As such, complete diversity of citizenship exists between the parties.

7.  Plaintiff's Complaint alleges claims under N.R.S. § 37-732.

8.  This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Nebraska has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of intertest and cost 28 U.S.C.

9.  Defendant Lowe's Home Centers, LLC is a citizen of North Carolina. Defendant Lowe's Home Centers, LLC is a foreign corporation organized under the laws of the state of North Carolina with a principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28117. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Defendant Lowe's

Home Centers, LLC is a wholly owned subsidiary of Lowe's Companies, Inc., a publicly traded North Carolina corporation. Lowe's Companies, Inc. is its sole member.

10. Further, the amount in controversy in this action exceeds the $75,000.00 jurisdictional minimum for this Court's diversity jurisdiction. Plaintiff's request for damages in this action includes a variety of different components which demonstrate the amount of damages at issue in this matter exceeds $75,000.00. *See generally* **Bell v. Hersey Co.,** 557 F.3d 953, 956-57 (8th Cir. 2009) (describing how amount in controversy can be established in notice of removal); **Kennedy, Pier & Knoff LLP v. Green,** 2010 U.S. Dist. LEXIS 12755 *3-5 (D. Neb. Jan. 25, 2010) (same).

11. This case, by the initial pleading, was not removeable. However, on March 23, 2022, Defendant first learned via correspondence from counsel, that Plaintiff believes the value of this case exceeds $100,000.00.

12. Defendant has filed this notice of removal within thirty days after it first ascertained that the case is one which is, or has become, removable, pursuant to 28 U.S.C. § 1446 (b)(3).

13. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and Fed. R. Civ. P. 81.

14. In the Complaint, Plaintiff has not requested a trial by jury. Defendant intends to request a jury trial on all issues so triable as appropriate pursuant to Fed. R. Civ. P. 38.

15. A copy of the Notice of Filing of Notice of Removal, which has been filed with the District Court, Lancaster County, State of Nebraska, is attached to this Notice.

16. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

17. Pursuant to 28 U.S.C. § 1446(a), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Court Action are attached as follows:

      **Exhibit A**    Complaint, Request for Jury Trial and Praecipe

| | |
|---|---|
| **Exhibit B** | Return of Service |
| **Exhibit C** | Summons issued on Lowe's Home Centers, LLC |
| **Exhibit D** | Defendant's Motion for Pro Hac Vice Admission |
| **Exhibit E** | Order Granting Defendant's Motion for Pro Hac Vice Admission |

WHEREFORE, for all of the foregoing reasons, Lowe's Home Centers, LLC., respectfully requests that this case be removed from the District Court, Lancaster County, State of Nebraska, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that the Defendant be afforded such further relief as this Court deems just and appropriate.

August 22, 2021

Respectfully submitted,

*/s/ Andrew P. Reitman*
Andrew P. Reitman, NE Bar # 26531
HALL & EVANS, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
burkea@hallevans.com
Telephone:  (303) 628-3300
Facsimile:  (303) 628-3368
***ATTORNEY FOR***
***LOWE'S HOME CENTERS, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served the foregoing via electronic mail to the following non-CM/ECF participants:

Vincent M. Powers
Powers Law
411 South 13th Street, Suite 300
O Box 84936
Lincoln, NE 68501-4936
Telephone: (402) 474-8000
Email: powerslaw@me.com
*Attorneys for Plaintiff*

                                              *s/ Mollie McDonald*
                                              Mollie McDonald, Legal Assistant