IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENAE VANDERSLICE,<br><br>    **Plaintiff,**<br><br> vs.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>    **Defendant.** | 4:22CV3064<br><br>FINDINGS AND<br>RECOMMENDATION<br>AND ORDER |

   This matter is before the Court on Plaintiff's Motion for Remand (Filing No. 4) and Motion to Strike (Filing No. 7). Plaintiff argues Defendant's removal is untimely and was improperly based upon Plaintiff's offer to "accept the sum of $139,000 to resolve this claim," which Plaintiff has moved to strike from Defendant's Notice of Removal pursuant to Rule 408 of the Federal Rules of Evidence. For the following reasons, the undersigned magistrate judge will deny Plaintiff's motion to strike and recommend the motion to remand be denied.

## BACKGROUND

   Plaintiff, a Nebraska resident, filed this action in Lancaster County on June 16, 2021, seeking damages for injuries she sustained from a trip and fall in a Lowe's parking lot on August 29, 2017. (Filing No. 1-2). Plaintiff alleges that as a result of her fall, she sustained permanent injuries to her right ankle and right shoulder, and "suffered past, present and future disability, inconvenience, loss of earnings and a permanent diminished earning capacity, pain, suffering," healthcare expenses totaling $4,880, and future healthcare expenses. The Complaint does not otherwise specify the amount of damages sought by Plaintiff.

   Defendant, Lowe's Home Centers, LLC, a North Carolina limited liability company with its principal place of business in North Carolina, was served with the Complaint on June 28, 2021, (Filing No. 1-3), and the case proceeded in state court for just over ten months, during which the parties engaged in discovery. Plaintiff served answers to interrogatories on December 16, 2021, wherein she stated she has incurred $13,601.18 in healthcare expenses and missed 106 hours of work as a result of her fall. Defendant represents that on April 5, 2022, Plaintiff testified during her deposition that she earns $1,000 per month; Defendant therefore calculates that Plaintiff's 106 hours of missed work has a value of $662.50. (Filing No. 9 at p. 1). On March 23, 2022, Plaintiff's counsel emailed defense counsel stating, "My client will accept the sum of $139,000 to resolve this

claim." (Filing No. 9-1).  Defendant filed a notice of removal thirty-days later, on April 22, 2022, asserting Plaintiff's settlement offer was the first time Defendant could ascertain this case was removable.  (Filing No. 1).

Plaintiff filed the instant motion to remand on May 6, 2022, arguing that Defendant's removal is untimely because it was made 299 days after Defendant was served with the Complaint. (Filing No. 5 at p. 1).  Plaintiff additionally argues "perhaps" Defendant could have made an argument that the amount in controversy exceeded $75,000 after receiving Plaintiff's written discovery responses on December 16, 2021, in which case Defendant's removal was still untimely. (Filing No. 5 at p. 13; Filing No. 11).  Plaintiff also somewhat contradictorily argues Defendant has not met its burden to establish the amount in controversy exceeds $75,000 because the only evidence Defendant relies on to establish the amount in controversy is Plaintiff's settlement offer, which Plaintiff has moved to strike under Fed. R. Evid. 408.  (Filing No. 5 at p. 2).

## ANALYSIS

A defendant may remove an action to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction[.]"  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted).  Defendant removed this action based on diversity jurisdiction.  There is no dispute that the parties have complete diversity of citizenship.  The only questions are whether there is more than $75,000 in controversy and whether Defendant timely removed the action.

A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1).  For cases removed on the basis of diversity jurisdiction, "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."  *In re Willis*, 228 F.3d 896, 897 (8th Cir.

2

2000); see also 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The time limit for removal in § 1446(b)(3) depends on the date when a defendant may first ascertain that a case is removable. *Davis Neurology PA v. DoctorDirectory.com LLC*, 896 F.3d 872, 875 (8th Cir. 2018).

Plaintiff first asserts Defendant's removal is untimely under § 1446(b) because it was made 299 days after Defendant was served with the Complaint. However, Plaintiff's Complaint did not explicitly disclose that she was seeking damages in excess of the federal jurisdictional amount. Plaintiff's Complaint only specifies she incurred $4,880 in healthcare expenses, but otherwise does not attribute a number to any other damages she was seeking for her trip and fall. Therefore, the thirty-day time limit did not start running upon service of the Complaint, but instead began when Defendant received "a copy of an amended pleading, motion, order or other paper" from which it could have first ascertained this case was removable. See 28 U.S.C. § 1446(b)(3); *Davis Neurology*, 896 F.3d at 875.

Plaintiff suggests Defendant could have ascertained the value of her claim may be over $75,000 on December 16, 2021, when she served Defendant with her answers to interrogatories and responses to requests for production of documents. (Filing No. 5 at p 13; Filing No. 11). However, the Court finds Plaintiff's answers to interrogatories did not provide Defendant with information from which Defendant could have ascertained the amount in controversy exceeded $75,000. In her answers to interrogatories, Plaintiff states attributes a right ankle and foot injury, right cervical spine pain, right elbow pain, and right shoulder pain to her trip and fall on August 29, 2017, and listed each medical provider she has seen and the healthcare expenses she incurred as a result. The total sum of those healthcare expenses was $13,601.18. Plaintiff's answers reflect she sought medical treatment for her injuries in 2017 and 2018, but did not obtain any medical treatment between November 12, 2018, and June 30, 2020. Plaintiff also attributed 106 hours of missed work to her injuries, but her answers do not contain a value for that missed work.[1] The relatively minor nature of Plaintiff's incident—a trip and fall on uneven payment—resulting in

---

[1] Defendant asserts in its brief that Plaintiff testified on April 5, 2022 she earned $1,000 per month "or $6.25 per hour," and calculates her wage loss claim for 106 hours has a value of $662.50. (Filing No. 9 at p. 1). The Court has no other documentation regarding the value of Plaintiff's lost wages claim aside from Defendant's statements in its brief.

modest injuries with medical costs totaling less than $14,000 to treat them, combined with lost wages for less than three weeks of full time work, was insufficient for Defendant to ascertain that the amount in controversy exceeded $75,000.

Defendant contends it was first able to ascertain this case was removable on March 23, 2022, when Plaintiff's counsel emailed defense counsel stating, "My client will accept the sum of $139,000 to resolve this claim," and therefore its removal thirty-days later, on April 22, 2022, was timely. Plaintiff argues her settlement offer cannot be used to establish the amount in controversy under Rule 408 of the Federal Rules of Evidence, and seeks to strike it from Defendant's Notice of Removal. (Filing No. 8). While Rule 408 makes evidence of settlement negotiations inadmissible on liability issues, the rule provides it "does not require exclusion [of settlement negotiations] when the evidence is offered for another purpose[.]" The Eighth Circuit has acknowledged that a post-complaint settlement demand "may constitute 'other paper' for purposes of § 1446(b)(3)." *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016); see also *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (finding a "post-complaint demand letter was an 'other paper' under § 1446(b) which gave [the defendant] notice that the case was removable."). District courts in this circuit have routinely considered a plaintiff's settlement demand as evidence relevant to the determination of the amount in controversy. See, e.g.; *Metzger v. Wal-Mart Stores, Inc.*, No. 4:07CV1024DDN, 2007 WL 2454121, at *2 (E.D. Mo. Aug. 23, 2007) (finding "[t]he thirty-day removal period was triggered by the plaintiff's settlement demand letter [because] [a] demand letter qualifies as 'other paper' under 28 U.S.C. § 1446(b)"); *Groeneweg v. Flint Hills Res., LP.*, No. CIV. 08-4815DWFFLN, 2008 WL 4951494, at *2 (D. Minn. Nov. 18, 2008) ("In the Eighth Circuit, district courts rely on the plaintiff's perspective in determining the amount in controversy" and a plaintiff's settlement demand is relevant to that determination) (citations omitted); *Christensen v. Owners Ins. Co.*, No. CIV. 14-4757 RHK/JJK, 2015 WL 574522, at *1 n.3 (D. Minn. Feb. 11, 2015) (rejecting the plaintiff's suggestion that the plaintiff's pre-lawsuit settlement demand of $88,000 should be ignored under Fed. R. Evid. 408); *Repco Inc. v. Flexan, LLC*, No. CV 19-41(DSD/HB), 2019 WL 1170667, at *2 (D. Minn. Mar. 13, 2019) ("Settlement demands . . . constitute 'other paper' under § 1446(b)(3).").

Plaintiff notified Defendant she would accept $139,000 to resolve her claim on March 22, 2022. Plaintiff's perspective of the value of her claim is relevant evidence in determining the amount in controversy, and was the first time Defendant could have ascertained the amount in

controversy exceeded $75,000. Therefore, Defendant's removal thirty-days after receiving the settlement demand was timely. See *Finnell v. Transamerica Life Ins. Co.*, No. 17-0734-CV-W-SRB, 2017 WL 9805014, at *3 (W.D. Mo. Nov. 14, 2017) (finding the defendant's removal was timely 21-days after service of plaintiff's settlement demand exceeding $75,000 because the complaint did not explicitly disclose the plaintiff sought damages in excess of the federal jurisdictional amount); *cf. Lewis v. Heartland Auto. Servs. II, Inc.*, No. 17-00056-CV-W-ODS, 2017 WL 1380474, at *2 (W.D. Mo. Apr. 13, 2017) (finding a "letter from plaintiffs' counsel recommending a dollar amount that would 'resolve the matter' did not constitute 'other paper' because plaintiffs did not state they would definitely settle for the recommended amount"). Plaintiff has not established to a legal certainty that her claim is for less than the requisite amount. See *Hartis v. Chicago Title Ins.*, 694 F.3d 935, 946 (8th Cir. 2012) (citing *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike (Filing No. 7) is denied.

**IT HEREBY IS RECOMMENDED** to the Honorable John M. Gerrard, United States District Judge, that Plaintiff's Motion for Remand (Filing No. 4) be denied.

Dated this 16th day of June, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

### ADMONITION

A party may object to a magistrate judge's findings and recommendation and order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation and order. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.